In the Matter of the Estate of CHARLES H. HASTINGS, Deceased.

Surrogate's Court, New York County, February 24, 1944.

*Michael H. Cardozo, Jr.,* for Irving Trust Company, as executor, petitioner, and Irving Trust Company, as trustee, respondent.

*Edwin T. Murdoch* and *James N. Vaughan* for Ernest C. May, as executor, petitioner, and Ernest C. May, donee of a power in trust, and another, respondents.

*Forrest M. Anderson* for Edward L. Center and others, respondents.

*Hamilton McInnes* for State Tax Commission.

*Nathaniel L. Goldstein, Attorney-General* (*Harry F. Karst* of counsel), for State of New York.

*Thomas A. Ryan,* special guardian for Susan Center, an infant.

DELEHANTY, S. By clause twelfth of his will deceased directed his executors to cause to be organized under the name of "The Hastings Foundation" a nonsectarian, charitable corporation for the study, prevention, treatment and cure of tuberculosis. He empowered such corporation to erect, equip and maintain a free sanitarium and also to undertake the study, prevention, treatment and cure of any disease. Except for his insistence that no funds be solicited for the support of the sanitarium, the testator relieved the board of directors of the corporation from compliance with his other desires expressed in the will.

By clause thirteenth of the will the residuary estate was given in trust for the use and benefit of the charitable corporation. However, deceased therein provided that if for any reason the executors were unable to incorporate the charitable corporation or if it should be determined that the gift in trust to it "is not exempt from estate and inheritance taxes", an alternative disposition of the residuary estate be made to existing charities selected by the executors.

Taxes have been paid to the State of Montana, the Dominion of Canada and the Province of British Columbia by reason of the fact that those jurisdictions do not exempt foreign charities from taxation. The property within such jurisdiction constituted slightly more than 1% of the gross estate. There is pending in this court an appeal by the executors from the *pro forma* order fixing the New York estate tax. The executors argued on their appeal that the tax appraiser erred in refusing to allow as a charitable deduction a substantial sum paid from the residuary estate to compromise a probate contest. The determination of that tax appeal is not prerequisite to a construction of the provision of the will providing for the alternative gift of the residuary estate.

Were the provision for the alternative gift held to be operative, the charities selected by the executors as alternates could not obtain tax exemptions greater than those allowed the charity incorporated pursuant to the will and hence the tax burden upon the estate would not be lightened. The court should not say that the testator contemplated that his own creation would die a-borning because not wholly tax exempt, if in such event his estate would pass to other legatees enjoying no greater

tax exemption. The obvious motive for the alternative gift was to devote the largest possible amount to charitable purposes. The alternative gift does not here take effect because deceased did not intend that it should in the circumstances here present.

The executors have caused to be incorporated under the laws of California " The Hastings Foundation "— a nonprofit organization to be operated exclusively for charitable and scientific purposes. The court holds that the organization of such corporation is in compliance with the provisions of the will. The court is of the opinion that the accomplishment of the general plan of operation outlined in the answer interposed herein by The Hastings Foundation and approved by the individual executor, will effectuate the purpose of the deceased. The court holds, in particular, that under the will such corporation is not required to construct a new building to house the sanitarium but that it may acquire an existing structure and may repair, alter or otherwise improve such building to fit it for use in conformity with the testator's intention.

The claim of the individual executor for the payment to him of $7,500 allowed in the California administration is approved since the interests of the estate will be promoted thereby.

In this proceeding other issues remain for determination before a decree may be entered settling the account of the executors. If desired by the parties an interim decree evidencing the court's approval of the general charitable plan and the proposed purchase of realty and authorizing the payments necessary in connection with such purchase may be submitted on consent or notice.